1   MICHAEL J. STORTZ (SBN 139386)
    michael.stortz@dbr.com
2   MARSHALL L. BAKER (SBN 300987)
    marshall.baker@dbr.com
3   DRINKER BIDDLE & REATH LLP
    50 Fremont Street, 20th Floor
4   San Francisco, CA  94105-2235
    Telephone:    (415) 591-7500
5   Facsimile:    (415) 591-7510

6   Attorneys for Defendant
    THE NORTHWESTERN MUTUAL LIFE
7   INSURANCE COMPANY

8   STEPHEN C. BAKER
    stephen.baker@dbr.com
9   TIMOTHY J. O'DRISCOLL
    timothy.odriscoll@dbr.com
10   DRINKER BIDDLE & REATH LLP
    One Logan Square, Ste. 2000
11   Philadelphia, PA  19103-6996
    Telephone:    (215) 988-2700
12   Facsimile:    (215) 988-2757

13   Of Counsel for Defendant
    THE NORTHWESTERN MUTUAL LIFE
14   INSURANCE COMPANY

15

16                      UNITED STATES DISTRICT COURT

17                  NORTHERN DISTRICT OF CALIFORNIA

18                        OAKLAND DIVISION

19

20   SANFORD J. WISHNEV, individually and     Case No. _____
    on behalf of all others similarly situated,

21                    Plaintiff,     **DEFENDANT'S NOTICE OF FILING OF REMOVAL AND REMOVAL TO FEDERAL COURT, UNDER 28 U.S.C. §§ 1441, 1446 AND 1453**

22   v.

23   THE NORTHWESTERN MUTUAL LIFE
    INSURANCE COMPANY, a Wisconsin
24   corporation, and DOES 1-10, inclusive,

25                  Defendants.

26

27          Defendant THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY

28   ("Northwestern Mutual"), by and through undersigned counsel and pursuant to 28 U.S.C. §§

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1441, 1446 and 1453, hereby gives notice of the removal of this action from the Superior Court of California, Contra Costa County, to the United States District Court for the Northern District of California, Oakland Division.  In support thereof, Northwestern Mutual avers as follows.

## JURISDICTIONAL STATEMENT

1.      The Class Action Fairness Act of 2005 (CAFA), Pub. L. No. 109-2, 119 Stat. 4 (2005) grants federal courts jurisdiction over class actions in which there is: minimal diversity; an aggregate amount in controversy in excess of $5,000,000; and 100 or more class members. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1332(d)(5)(B), 1332(d)(6).

2.      This Court has original jurisdiction over this action pursuant to CAFA because: (1) it was commenced after February 18, 2005; (2) there is minimal diversity; (3) there are more than 100 putative class members; and (4) the aggregate amount in controversy exceeds $5,000,000.

3.      On or about July 14, 2015, Plaintiff Sanford J. Wishnev ("Plaintiff") commenced this action by filing a putative class action complaint in the Superior Court of California, Contra Costa County, under the caption Sanford J. Wishnev v. The Northwestern Mutual Life Insurance Company, No. C15-1242 ("Pl. Compl."), attached hereto as Exhibit A.

4.      Accordingly, this action was commenced more than ten (10) years after CAFA's effective date.

5.      Northwestern Mutual is a citizen of Wisconsin because it is incorporated in Wisconsin, Pl. Compl. ¶ 4 (Northwestern Mutual "is a Wisconsin corporation"), and has its principal place of business, *i.e.*, its "nerve center," in Wisconsin.  *Id*. (Northwestern Mutual's "principal place of business is in Milwaukee, Wisconsin").  *See also Hertz Corp. v. Friend*, 559 U.S. 77 (2010) (adopting nerve center test for determining corporations' principal place of business).

6.      Plaintiff is a citizen of California, Pl. Compl. ¶ 3 ("Plaintiff Sanford J. Wishnev is an individual residing in Contra Costa County, California…"), who brings this putative class action on behalf of "[a]ll California persons as to whom Northwestern Mutual's records show that they have been charged compound interest by Northwestern Mutual on life insurance policy and/or premium loan balances within the last four years." *Id*. ¶ 21.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S NOTICE OF FILING OF REMOVAL
& REMOVAL TO FEDERAL COURT            - 2 -            CASE NO. _____

7.     Accordingly, there is minimal diversity between Northwestern Mutual (a Wisconsin citizen) and Plaintiff and other members of the putative class (California citizens).  *See* 28 U.S.C. § 1332(d)(2)(A).

8.     Plaintiff alleges that the putative class "numbers in the hundreds or thousands" and that "[j]oinder of all class members is impracticable."  Pl. Compl. ¶ 22.

9.     Accordingly, there are more than 100 (indeed, allegedly thousands of) members of the putative class.  *See* 28 U.S.C. § 1332(d)(5)(B).

10.     Plaintiff generally alleges that in violation of California Civil Code Section 1916-2, and "as a uniform practice, Northwestern Mutual does not obtain from policyholders any agreement signed by them authorizing Northwestern Mutual to charge compound interest on policy and/or premium loans."  Pl. Compl. ¶ 20.  Plaintiff further alleges "[o]n information and belief," that "Northwestern Mutual nevertheless charges and collects compound interest on such loans."  *Id.*

11.     Pursuant to Civil Code Section 1916-3, Plaintiff seeks, for himself and for putative class members, "repayment from Northwestern Mutual of treble the amount of all interest paid or charged within one year past."  Pl. Compl. ¶ 38; *see also id.*, Prayer for Relief ¶ (h) (alleging entitlement to "treble the amount of all interest paid or equivalent value delivered by class members to Northwestern Mutual from one year prior to filing of this complaint to the date of final judgment[.]").

12.     Over the one (1) year period preceding the filing of Plaintiff's Complaint, the total amount of interest charged by Northwestern Mutual on policy and premium loan balances on life insurance policies issued to California policy owners has exceeded $5,000,000, exclusive of any trebling of that amount.   Upon trebling, the total amount in controversy under Civil Code Section 1916-3 would exceed $15,000,000.

13.     Plaintiff also seeks relief in the form of, *inter alia*, an award of "costs of suit and attorneys' fees," Pl. Compl., Prayer for Relief ¶ (j), including attorneys' fees incurred pursuing claims on behalf of putative class members.  *See id.* ¶ (a). Using the "benchmark" of 25% of potential classwide recovery as the measure of potential fee recovery would place in controversy

DEFENDANT'S NOTICE OF FILING OF REMOVAL
& REMOVAL TO FEDERAL COURT            - 3 -            CASE NO. _____

1    an additional amount in excess of $1,250,000 (25% of $5,000,000).   *See Giannini v.*

2    *Northwestern Mut. Life Ins. Co.*, 2012 WL 1535196, at *4 (N.D. Cal., April 30, 2012) (using 25%

3    of potential classwide recovery to calculate attorneys' fees in denying motion to remand).

4         14.    Although Northwestern Mutual denies it has any liability for damages to Plaintiff

5    or the putative class, and denies that any such class could be properly certified under Federal Rule

6    of Civil Procedure 23, the aggregate value of damages, including trebled damages, and attorneys'

7    fees sought by Plaintiff for himself and the putative class exceeds $5,000,000.

8         15.    Accordingly, the alleged aggregate amount in controversy exceeds $5,000,000.

9    *See* 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall

10   be aggregated to determine whether the matter in controversy exceeds the sum or value of

11   $5,000,000, exclusive of interest and costs.").

12        16.    Because this is putative class action that was commenced after February 18, 2005,

13   in which there is minimal diversity, more than 100 putative class members, and more than

14   $5,000,000 in the aggregate in controversy, this Court has original subject matter jurisdiction.

15   *See* 28 U.S.C. § 1332(d)(2)(A).

16        17.    Because this action states a basis for original subject matter jurisdiction under 28

17   U.S.C. § 1332, it is removable pursuant to 28 U.S.C. § 1441(a).

18                          **PROCEDURAL STATEMENT**

19        18.    Pursuant to 28 U.S.C. § 1446(a), true and correct copies of Plaintiff's Complaint

20   and all other process, pleadings and orders that Plaintiff purportedly served on Northwestern

21   Mutual as of the date of this Notice are attached hereto.  Attached as Exhibit A are the Summons

22   and Complaint and related materials, as delivered by hand to Northwestern Mutual.  Attached

23   hereto as Exhibit B are the Summons and Complaint and related materials, as received via mail.

24        19.    Pursuant to 28 U.S.C. 1446(b), this Notice of Removal has been timely filed

25   within thirty (30) days of service because Northwestern Mutual received a copy of Plaintiff's

26   Complaint on or after July 21, 2015.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526

27   U.S. 344 (1999).

28        20.    Pursuant to 28 U.S.C. § 1441(a), removal to the United States District Court for

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S NOTICE OF FILING OF REMOVAL
& REMOVAL TO FEDERAL COURT          - 4 -          CASE NO. _____

1   the Northern District of California, Oakland Division, is proper because that District and Division

2   embrace the Superior Court of California, Contra Costa County, where this action is now

3   pending.  *See* 28 U.S.C. § 84(a).

4        21.    Pursuant to 28 U.S.C. § 1446(d), Northwestern Mutual will promptly file a copy of

5   this Notice of Removal in the Superior Court of California, Contra Costa County, and give

6   written notice of the removal of this action to counsel for Plaintiff.

7        22.    By removing the action to this Court, Northwestern Mutual does not waive any

8   defenses, objections or motions available to it under state or federal law.  Northwestern Mutual

9   expressly reserves the right to move for judgment in favor of Northwestern Mutual pursuant to

10   Rules 12 and 56 of the Federal Rules of Civil Procedure, and to strike or oppose the certification

11   of any putative class pursuant to Federal Rule of Civil Procedure 23.

12        **WHEREFORE**, pursuant to 28 U.S.C. §§ 1441, 1446 and 1453, Northwestern Mutual

13   respectfully removes to federal court the above-captioned civil action, which is currently pending

14   in the Superior Court of California, Contra Costa County.

15

16   Dated: August 19, 2015            DRINKER BIDDLE & REATH LLP

17

18                 By: /s/ Michael J. Stortz

19                   Michael J. Stortz
                Marshall L. Baker

20                 Attorneys for Defendant

21                 THE NORTHWESTERN MUTUAL LIFE
              INSURANCE COMPANY

22

23

24

25

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S NOTICE OF FILING OF REMOVAL
& REMOVAL TO FEDERAL COURT     - 5 -     CASE NO. _____

# EXHIBIT A



RECEIVED
JUL 2 2 2015
LAW DEPT.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,
a Wisconsin corporation, and DOES 1-10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SANFORD J. WISHNEV, individually and on behalf of all others
similarly situated

FILED

2015 JUL 14  A 11: 55

STEPHEN H. NASH
CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CA

BY: _____
DEPUTY CLERK

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Contra Costa County Superior Court,<br>Wakefield Taylor Courthouse, 725 Court Street, Martinez, CA  94553<br>(925) 646-4099 | CASE NUMBER:<br>*(Número del Caso):* C15 - 01242 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert M. Bramson, 2125 Oak Grove Road, Suite 120, Walnut Creek, CA 94598  (925) 945-0200

| DATE:<br>*(Fecha)* JUL 1 4 2015 | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons. (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* The Northwestern Mutual Life Insurance Company, a Wisconsin corporation

under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

## Superior Court of California, County of Contra Costa

# NOTICE TO DEFENDANTS

### In Unlimited Jurisdiction Civil Actions

**YOU ARE BEING SUED.** The packet you have been served should contain:

- a.  The Summons
- b.  The Complaint
- c.  The Notice of Case Management (shows hearing date and time)
- d.  Blank: Case Management Statement (Judicial Council Form CM-110)
- e.  Blank: Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days (Local Court Form CV-655b)
- f.  Alternative Dispute Resolution (ADR) Information  (Local Court Form CV-655c)

---

 **WHAT DO I DO NOW?** 

### You must:

1. **Prepare your response**   YOU COULD LOSE YOUR CASE—even before it is heard by a judge or before you can defend yourself, if you do not prepare and file a response on time. See the other side of this page for types of responses you can prepare.

2. **Complete the *Case Management Statement*  *(CM-110)***

3. **File and serve your court papers on time**   Once your court forms are complete, you must file 1 original and 2 copies of the forms at court. An adult who is NOT involved in your case must serve one set of forms on the Plaintiff. If you were served in person you must file your response in 30 days. If the server left a copy of the papers with an adult living at your home or an adult in charge at your work or you received a copy by mail you must file your response in 40 days.

4. **Prove you served your court papers on time**    by having your server complete a *Proof of Service, (Judicial Council form POS-040)*, that must be filed at the court within 60 days.

5. **Go to court** on the date and time given in the *Notice of Case Management Conference.*

6. **Consider trying to settle your case before trial**     If you and the other party to the case can agree to use mediation, arbitration or neutral case evaluation, the *Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days* can be filed with your other papers.  For more information read the enclosed ADR information, visit www.cc-courts.org/adr, or call (925) 957-5787.

**IMPORTANT! The court recommends consulting an attorney for all or part of your case.  While you may represent yourself, lawsuits can be complicated, and the court cannot give you legal advice.**

---

**COURT FEES:**  You must pay court fees the first time you file your papers.  If you also file a motion, you must pay another fee.  If you cannot afford the fees, you may ask the court to waive (allow you not to pay) fees. Use Judicial Council forms FW-001-INFO [information sheet]; FW-001 [application]; and FW-003 [order].

**COURT FORMS:**  Buy forms at the Forms Window in the Family Law Building or download them for free at: www.courtinfo.ca.gov/forms/

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF CONTRA COSTA

_____

_____
Plaintiff(s) / Cross Plaintiff(s)

vs.

_____

_____
Defendant(s) / Cross Defendant(s)

### _ADR Case Management Stipulation and Order_
### _(Unlimited Jurisdiction Civil Cases)_

CASE NO: _____

> ► ALL PARTIES STIPULATING TO ADR AND DELAYING THEIR CASE MANAGEMENT CONFERENCE 90 DAYS MUST **SUBMIT THE ORDER FOR THE JUDGE'S SIGNATURE AND FILE THIS FORM AT LEAST 15 DAYS BEFORE THEIR CASE MANAGEMENT CONFERENCE.** (NOT AVAILABLE IN COMPLEX LITIGATION CASES.)
>
> ► PARTIES MUST ALSO SEND A COPY OF THIS FILED STIPULATION AND ORDER TO THE ADR OFFICE: FAX: (925) 957-5689 MAIL: P.O. BOX 911, MARTINEZ, CA 94553

Counsel and all parties agree to delay their case management conference 90 days to attend ADR and complete pre-ADR discovery as follows:

1. Selection and scheduling for Alternative Dispute Resolution (ADR):
   a. The parties have agreed to ADR as follows:
      i. ❑ Mediation  (❑ Court-connected ❑ Private)
      ii. ❑ Arbitration  (❑ Judicial Arbitration (non-binding)  ❑ Private (non-binding)  ❑ Private (binding))
      iii. ❑ Neutral case evaluation
   b. The ADR neutral shall be selected by *(date):* _____ *(no more than 14 days after filing this form)*
   c. ADR shall be completed by *(date):* _____ *(no more than 90 days after filing this form)*
2. The parties will complete the following discovery plan:
   a. ❑ Written discovery:   (❑ Additional page(s) attached)
      i. ❑ Interrogatories to:
      ii. ❑ Request for Production of Documents to:
      iii. ❑ Request for Admissions to:
      iv. ❑ Independent Medical Evaluation of:
      v. ❑ Other:
   b. ❑ Deposition of the following parties or witnesses: (❑ Additional page(s) attached)
      i. _____
      ii. _____
      iii. _____
   c. ❑ No Pre-ADR discovery needed
3. The parties also agree: _____

4. Counsel and self-represented parties represent they are familiar with and will fully comply with all local court rules related to ADR as provided in Appendix C, will pay the fees associated with these services, and understand that if they do not, without good cause, comply with this stipulation and all relevant local court rules, they may be subject to sanctions.

| | | | |
|---|---|---|---|
| Counsel for Plaintiff *(print)* | Fax | Counsel for Defendant *(print)* | Fax |
| Signature | | Signature | |
| Counsel for Plaintiff *(print)* | Fax | Counsel for Defendant *(print)* | Fax |
| Signature | | Signature | |

Pursuant to the Stipulation of the parties, and subject to the *Case Management Order* to be filed, **IT IS SO ORDERED** that the Case Management Conference set for _____ is vacated and rescheduled for _____ at (8:30 a.m. / _____ ) **Plaintiff / Plaintiff's counsel must notify all parties of the new case management conference.**

Dated: _____          _____
                                                  **Judge of the Superior Court**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: FAX NO. *(Optional):* | |
| E-MAIL ADDRESS *(Optional):* | |
| ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:                    Time:                    Dept.:          Div.:          Room:

Address of court *(if different from the address above):*

☐ Notice of Intent to Appear by Telephone,  by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint     *(Describe, including causes of action):*

| Form Adopted for Mandatory Use Judicial Council of California CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court, rules 3.720–3.730 www.courts.ca.gov |
|---|---|---|

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10.  c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or
have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing to** participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.



## CONTRA COSTA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

All judges in the Civil Trial Delay Reduction Program agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases. To tell the court you will use ADR:

- Choose ADR on the *Case Management Form (CM-110)*;
- File a *Stipulation and Order to Attend ADR and Continue First Case Management Conference 90-Days* (local court form); or
- Agree to ADR at your first court appearance.

*Questions? Call (925) 957-5787, or go to www.cc-courts.org/adr*

## MEDIATION

Mediation is often faster and less expensive than going to trial. Mediators help people who have a dispute talk about ways they can settle their case. Parties call or visit the ADR Programs office to get a list of mediators. After parties have agreed on a mediator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the mediator at least 5 court days before mediation starts.

ALL parties and attorneys must go to mediation. Mediation can be held whenever and wherever the parties and the mediator want, as long as they finish before the court deadline. In some kinds of court cases, parties have the chance to mediate in the courthouse on their trial day.

Most mediators begin by talking with the parties together, helping them focus on the important issues. The mediator may also meet with each party alone. Mediators often ask parties for their ideas about how to settle the case. Some mediators tell the parties how much money they think a case is worth, or tell them what they think might happen if the case went to trial. Other mediators help the parties decide these things for themselves. No matter what approach a mediator takes, decisions about settling a case can only be made when all the parties agree.

If the parties go through the court ADR program, mediators do not charge fees for the first half hour spent scheduling or preparing for mediation. They also do not charge fees for the first two hours of mediation. If parties need more time, they must pay that person's regular fees. Some mediators ask for a deposit before mediation starts. Mediators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the mediation. A party whose court fees have been waived (cancelled) may ask if their mediation fees or deposit can be waived.

If parties agree about how they will settle their case, they can choose to keep it private, write it up as a contract, or ask the judge to make it a court order. What parties say and agree to in mediation is confidential (private).

## PRIVATE MEDIATION

Private mediation works in the same way as judicial mediation, but the parties do not go through the ADR Programs office. Parties choose a mediator on their own, and pay the mediator's normal fees.

## TEMPORARY JUDGE

Some parties want a trial, but want to choose who will decide the case and when the trial will take place. Parties can agree on an attorney that they want the court to appoint as a temporary judge for their case. (See Article 6, Section 21 of the State Constitution and Rule 2.830 of the California Rules of Court.) Temporary judges have nearly the same authority as a superior court judge to conduct a trial and make decisions. As long as the parties meet the court deadline, they can schedule the trial at their own and the temporary judge's convenience.

Each of the temporary judges on the court's panel has agreed to serve at no charge for up to 5 court days. If the parties need more time, they must pay that person's regular fees. All parties and their lawyers must attend the trial, and provide a copy of all briefs or other court documents to the temporary judge at least two weeks before the trial. These trials are similar to other civil trials, but are usually held outside the court. The temporary judge's decision can be appealed to the superior court. There is no option for a jury trial. The parties must provide their own court reporter.

## SPECIAL MASTER

A special master is a private lawyer, retired judge, or other expert appointed by the court to help make day-to-day decisions in a court case. The special master's role can vary, but often includes making decisions that help the discovery (information exchange) process go more smoothly. He or she can make decisions about the facts in the case. Special masters can be especially helpful in complex cases. The trial judge defines what the special master can and cannot do in a court order.

Special masters often issue both interim recommendations and a final report to the parties and the court. If a party objects to what the special master decides or reports to the court, that party can ask the judge to review the matter. In general, the parties choose (by stipulation) whom they want the court to appoint as the special master, but there are times (see California Code of Civil Procedure Section 639), when the court may appoint a special master or referee without the parties' agreement. The parties are responsible to pay the special master's regular fees.

## COMMUNITY MEDIATION SERVICES

Mediation Services are available through non-profit community organizations. These low-cost services are provided by trained volunteer mediators. For more information about these programs contact the ADR Program at (925) 957-5787

SUPERIOR COURT – MARTINEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA  94553

SANFORD WISHNEV VS. THE NORTHWESTERN MUTUAL

MSC15-01242

NOTICE OF ASSIGNMENT TO DEPARTMENT SEVENTEEN FOR CASE
MANAGEMENT DETERMINATION

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, AND A BLANK CASE MANAGEMENT STATEMENT ARE TO BE SERVED
UPON ALL OPPOSING PARTIES, ALL PARTIES SERVED WITH SUMMONS AND
COMPLAINT/CROSS-COMPLAINT.

1. This matter has been assigned to Department 17, Judge B. Goode
presiding, for all purposes; Department 17 is designated as the
complex litigation department of the Court and as such (a) hears all
cases wherein a designation of complex case has been made and (b)
conducts hearings, in cases that this court determines, on a pre-
liminary basis may be complex, to determine whether the case should
remain in the complex litigation program.

2. All counsel are required to appear in Dept. 17 on 09/25/15
   at 8:30 a.m.
       (a) If the case has been designated as complex, and no counter-
           designation has been filed, the Court will hold its first
           case management conference at that time.
       (b) If the case has been assigned to Department 17 on a
           preliminary basis the Court will hold a hearing to determine
           if the matter is, or is not, complex.  If the matter is
           determined to be complex, the Court will then proceed with
           the first case management conference.

3. Each party shall file and serve a Case Management Conference
Statement five (5) days before this hearing and be prepared to
participate effectively in the Conference, including being thoroughly
familiar with the case and able to discuss the suitability of the case
for private mediation, arbitration or the use of a special master or
referee.

4. Prior to the conference counsel for plaintiff shall meet and confer
with counsel for each other party in an effort to precisely define the
the issues in the case, discuss the possibility of early mediation, the
identities of possible other parties, and their respective plans for
discovery.

5. Until the time of the conference the following INTERIM ORDERS shall
be in effect:

   A. Plaintiff shall diligently proceed in locating and serving each
      and every defendant.  It is the Court's intention that each party
      be served in sufficient time to have entered an appearance within
      the time allowed by law and to attend the first conference.
   B. All discovery shall be stayed excepting as all parties to the
      action might otherwise stipulate or the Court otherwise order.
   C. No party shall destroy any writing or other evidence in its
      possession or under its control which bears in any way upon the
      matters which are the subject of this litigation.
   D. Within the time for any party to file an answer or demurrer
      such party may alternatively file a notice of general appearance.
      In such event the time for filing of an answer or demurrer
      shall be extended to twenty (20) days following the first
      conference unless the Court shall, at that time, set a different
      schedule.
   E. Counsel for each party shall do a conflict check to determine
      whether such counsel might have a possible conflict of interest
      as to any present or contemplated future party.

BY ORDER OF THE COURT

BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP
Robert M. Bramson (Bar No. 102006)
Jennifer S. Rosenberg (Bar No. 121023)
2125 Oak Grove Road, Suite 120
Walnut Creek, California 94598
Telephone: (925) 945-0200
Facsimile: (925) 945-8792
E-Mail: rbramson@bramsonplutzik.com

Attorneys for Plaintiff

FILED

2015 JUL 14  A II: 55

STEPHEN L. NASH
CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CA
BY:_____
DEPUTY CLERK

PER LOCAL RULE 5 THIS
CASE IS ASSIGNED TO
DEPT _____

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF CONTRA COSTA

| | |
|---|---|
| SANFORD J. WISHNEV, individually and on behalf of all others similarly situated,<br><br>                                        Plaintiff,<br><br>          v.<br><br>THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, a Wisconsin corporation, and DOES 1-10, inclusive<br><br>                              Defendants. | Case No.  C 15 - 0 1 8 4 2<br><br>**COMPLAINT FOR DAMAGES, RESTITUTION, UNJUST ENRICHMENT AND DECLARATORY AND INJUNCTIVE RELIEF**<br><br>**Class Action** |

BY FAX

1.  Plaintiff Sanford J. Wishnev ("plaintiff" or "Wishnev") brings this action on behalf of himself and all others similarly situated, stating claims for (1) Declaratory Relief, Code of Civil Procedure § 1060, (2) the Unfair Competition Law, Business & Professions Code § 17200 *et seq.*, (3) Initiative Measure, Stats. 1919, p. lxxxiii, §§ 2 and 3 (uncodified, but published as Civil Code §§1916–2, 1916–3), and (4) unjust enrichment and money had and received. All of these causes of action arise from defendant's pattern and practice of charging compound interest on life insurance policy and premium loans without a written agreement signed by the borrower providing for such compounding.

2.  Defendant's practice of charging compound interest without a written agreement signed by the borrower providing for such compounding constitutes an unlawful business practice, barred by state law.

## PARTIES

3.  Plaintiff Sanford J. Wishnev is an individual residing in Contra Costa County, California and at all times relevant has been a California resident.

4.  Defendant The Northwestern Mutual Life Insurance Company ("Northwestern Mutual") is a Wisconsin corporation whose principle place of business is in Milwaukee, Wisconsin. Northwestern Mutual conducts business in this state so as to make it subject to the general jurisdiction of the courts of this state. Northwestern Mutual has not designated a principal place of business in California and thus venue is proper in any county in this state.

## LEGAL PRINCIPLES

6.  Certain life insurance products, known generally as "permanent" life insurance, pay a benefit on the death of the insured and also accumulate a cash value. Examples of permanent life insurance include whole and universal life insurance.

7.  One of the characteristics of permanent life insurance sold by Northwestern Mutual is that the policyholder is permitted to borrow amounts from Northwestern Mutual, generally up to the amount of the accumulated cash value of the policy. The policyholder can (but need not) repay the loan in cash or by designating some or all of the cash value of the policy for repayment. To the

extent that the insured dies with a loan balance remaining, Northwestern Mutual reduces the amount it pays as death benefits by the loan balance.  Northwestern Mutual charges interest on the loan balance on an annual basis.

8.      An initiative measure adopted by the voters of California in 1919 as part of the Usury Law, Civil Code Section 1916–2 provides:

> [I]n the computation of interest upon any bond, note, or other instrument or agreement, interest shall not be compounded, nor shall the interest thereon be construed to bear interest unless an agreement to that effect is clearly expressed in writing and signed by the party to be charged therewith. Any agreement or contract of any nature in conflict with the provisions of this section shall be null and void as to any agreement or stipulation therein contained to pay interest and no action at law to recover interest in any sum shall be maintained ...."

9.      Also adopted in the same initiative measure, Civil Code section 1916–3, subdivision (a) further provides "[e]very person . . . who for any loan or forbearance of money, goods or things in action shall have paid or delivered any greater sum or value than is allowed to be received under the preceding [Section 1916–2]  may either in person or his or its personal representative, recover in an action at law against the person . . . who shall have taken or received the same . . . treble the amount of the money so paid or value delivered in violation of [those provisions] . . . ."

10.      The Section 1916-2 prohibition on charging compound interest or interest on interest unless the party to be charged has signed an agreement clearly authorizing such compounding, has been strictly applied by the California Supreme Court.  "An agreement to pay compound interest must be embodied in a writing clear on its face and signed by the borrower." *McConnell v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1983) 33 Cal.3d 816, 821, 191 Cal.Rptr. 458; 662 P.2d 916.

11.      Any agreement that does not comply with Section 1916–2 is null and void with respect to the payment of interest. *Id.* at 823.

12.      Life insurance policy and premium loans are not exempt from the compound interest provision of the Usury Law.

### ALLEGATIONS RELATING TO PLAINTIFF AND THE CLASS

13.      Plaintiff is the holder of four life insurance policies, issued in 1967 ("Policy 1"), 1969 ("Policy 2"), 1973 ("Policy 3"), and 1976 ("Policy 4").  For each policy, plaintiff completed,

submitted, and signed an application. None of these applications authorized Northwestern Mutual to charge compound interest on the balances due on policy and/or premium loans or even disclosed that Northwestern Mutual might do so.

14. The policies subsequently issued to plaintiff state with respect to policy and premium loans, "Unpaid interest shall be added to and become part of the loan and shall bear interest on the same terms." But these policies were not provided to plaintiff until the contract to provide insurance was already in effect. Nor did plaintiff sign any of the policies. Thus, there was no "agreement to that effect [] clearly expressed in writing and signed by the party to be charged therewith", as required by Section 1916-2.

15. On a date after 1980, Northwestern Mutual extended plaintiff a loan secured by the cash value and death benefit value of Policy 1.

16. On a date after 1980, Northwestern Mutual extended plaintiff a loan secured by the cash value and death benefit value of Policy 2.

17. On a date after 1980, Northwestern Mutual extended plaintiff a loan secured by the cash value and death benefit value of Policy 3.

18. On a date after 1980, Northwestern Mutual extended plaintiff a loan secured by the cash value and death benefit value of Policy 4.

19. Plaintiff has never signed any agreement authorizing Northwest Mutual to charge him compound interest. Nevertheless, Northwestern Mutual has added compound interest to each of the loans referred to above.

20. Plaintiff is informed and believes and on that basis alleges that Northwestern Mutual's conduct with respect to plaintiff is representative of its conduct generally with policyholders to whom it makes policy and premium loans secured by the value of whole life insurance. Plaintiff believes that, as a uniform practice, Northwestern Mutual does not obtain from policyholders any agreement signed by them authorizing Northwestern Mutual to charge compound interest on policy and/or premium loans. On information and belief, Northwestern Mutual nevertheless charges and collects compound interest on such loans.

COMPLAINT FOR DAMAGES, RESTITUTION, UNJUST ENRICHMENT AND DECLARATORY AND INJUNCTIVE RELIEF
72798

3

1

## CLASS ALLEGATIONS

2   21.   This action is brought as a class action pursuant to Code of Civil Procedure section

3   382. The proposed class is defined as follows:

4   All California persons as to whom Northwestern Mutual's records show that
    they have been charged compound interest by Northwestern Mutual on life
5   insurance policy and/or premium loan balances within the last four years.

6   22.   On information and belief, the class numbers in the hundreds or thousands. Joinder

7   of all class members is impracticable.

8   23.   There are genuine questions of law and fact common to the class, which predominate

9   over any individual questions. These common questions, which demonstrate a community of

10  interest among class members, include:

11         a.   Whether Northwestern Mutual had a uniform practice of charging

12              compound interest on class members' policy and premium loans;

13         b.   Whether Northwestern Mutual routinely and uniformly failed to

14              obtain written, signed agreements from borrowers, including the

15              members of the class, permitting the compounding of interest on

16              policy and/or premium loans;

17         c.   Whether Northwestern Mutual was required to comply with the

18              provisions of Civil Code Section 1916–2;

19         d.   Whether Northwestern Mutual's conduct is an unlawful business

20              practice under the Unfair Competition Law;

21         e.   Whether Northwestern Mutual's policy provisions providing for the

22              collection of interest on policy or premium loans are null and void

23              due to Northwestern Mutual's charging of compound interest without

24              having obtained borrowers' signed, written agreement regarding the

25              compounding of interest;

26         f.   Whether Northwestern Mutual has been unjustly enriched by the

27              retention of unlawfully obtained interest payments by class members;

28

g.    Whether a judicial declaration should issue that class members do not owe, and Northwestern Mutual is not entitled to collect, any interest whatsoever on currently outstanding policy or premium loans extended to class members;

h.    Whether Northwestern Mutual should be enjoined from continuing to collect interest on policy or premium loans where Northwestern Mutual failed to obtain borrowers' signed, written agreement regarding the compounding of interest;

i.    Whether Northwestern Mutual should be ordered to provide restitution to the class;

j.    Whether class members who have paid compound interest within the past year are entitled to an award of treble damages under Section 1916–3 as a result of Northwestern Mutual's conduct.

24.    The claims of plaintiff are typical of the claims of the class members. Each class member was subjected to the same unfair and illegal conduct of Northwestern Mutual, was harmed in the same way and has claims for relief under the same legal theories.

25.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has common interests with all members of the class and will vigorously protect the interest of the class through qualified counsel experienced in handling class action and consumer protection cases. Neither the named plaintiff nor class counsel has any interests which would conflict with the interests of the class members.

26.    A class action is a superior method for the fair and efficient adjudication of this controversy. Most class members are unaware of the availability of any legal challenge to the interest they have been charged under their policies. Moreover, given the common questions to be resolved, class litigation is the superior method of resolving these legal challenges in one proceeding, thus avoiding a multiplicity of parallel suits. A class action will avoid the possibility of inconsistent adjudications of the same legal question.

## FIRST CAUSE OF ACTION

### (Declaratory Relief)

27.     Plaintiff incorporates by reference the above-enumerated paragraphs of the Complaint as though fully restated herein.

28.     An actual and justiciable controversy exists between the parties as to their respective rights and obligations under life insurance policies which class members have obtained from Northwestern Mutual. Plaintiff, on behalf of the class, contends that any provisions in the policies or related documents purporting to permit Northwestern Mutual to charge compound interest on policy and premium loans are illegal, null, void, voidable, unconscionable and/or unenforceable. Plaintiff on behalf of the class further contends that, by the act of charging compound interest, Northwestern Mutual has ceded any entitlement to collect any interest whatsoever on said loans, as clearly provided by Civil Code Section 1916–2, which as an initiative adopted by the California electorate has greater dignity than a statute passed by the California Legislature.  Plaintiff is informed and believes that defendant contends to the contrary.

29.     Plaintiff seeks the following declarations regarding his obligations, and those of class members, under the Agreement:

        a.     Policy and premium loans made by Northwestern Mutual are subject to the requirements of Section 1916–2;

        b.     Northwestern Mutual may not enforce or collect, either directly or indirectly, and class members have no obligation to pay, either in cash, with applied dividends, through accumulated cash value or through death benefits, any interest accrued as of the date of judgment on policy or premium loans extended to class members.

WHEREFORE plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

### (Unfair Competition Law, Bus. & Prof. Code §17200 *et seq.*)

30.     Plaintiff incorporates the allegations of all the foregoing paragraphs by reference, as if fully set forth herein.

31.     Northwestern Mutual engages in the practice of charging compound interest on policy and premium loans, without first obtaining a signed, written agreement authorizing the charging of compound interest from class members.  This practice violates Civil Code Section 1916–2.  Therefore, Northwestern Mutual's practice constitutes unlawful competition under the "unlawful" prong of the Unfair Competition Law, Bus. & Prof. Code §17200 et seq.

32.     Plaintiff has suffered injury in fact and lost money or property as a result of Northwestern Mutual's acts of unfair competition.

33.     Northwestern Mutual currently engages in this unlawful practice and, on information and belief, will continue to do so unless enjoined.  As a result of these acts of unfair competition, Northwestern Mutual has obtained money or property, including but not limited to interest payments, from plaintiff and class members that it should not be permitted to retain.  Plaintiff and the class are entitled to injunctive relief, restitution, and other equitable relief.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION

### (Initiative Measure, Stats. 1919, p. lxxxiii)

34.     Plaintiff incorporates the allegations of the foregoing paragraphs by reference, as if fully set forth herein.

35.     As alleged above, Northwestern Mutual has charged plaintiff and the class compound interest without having first obtained a signed agreement to such interest from plaintiff or class members.

36.     On information and belief, Northwestern Mutual has acted willfully in violation of Initiative Measure, Stats. 1919, p. lxxxiii, published as Civil Code Sections 1916–2 and 1916–3, in charging and collecting compound interest from plaintiff and class members.

37.     Pursuant to Section 1916–2, Northwestern Mutual is prohibited from collecting or charging interest on plaintiff's and class members' policy and/or premium loans.

38.     Pursuant to Section 1916–3, class members are entitled to repayment from Northwestern Mutual of treble the amount of all interest paid or charged within one year past.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### (Money Had And Received And Unjust Enrichment)

39.     Plaintiff incorporates the allegations of all the foregoing paragraphs by reference, as if fully set forth herein.

40.     Northwestern Mutual, by the actions alleged above, has collected money from plaintiff and class members that by law Northwestern Mutual is not permitted to retain, and which belongs to plaintiff and the class.

41.     Within the last two years, Northwestern Mutual has become indebted to plaintiff and class members in the amount of all excess interest paid within that period.  No part of these sums have been repaid to plaintiffs or class members.

42.     As a result of Northwestern Mutual's violations, described above, it has unjustly enriched itself at the expense of the class.  Northwestern Mutual's unjust enrichment continues to accrue as it continues to engage in its unlawful business acts and practices and collect loan payments and excess interest, as described above.

43.     Northwestern Mutual's retention of money gained through its unlawful practices is unjust considering the circumstances under which the funds were obtained.

44.     As a result of the foregoing, plaintiff and members of the class have been deprived of their money and suffered loss as alleged above.

45.     To prevent unjust enrichment, Northwestern Mutual should be required to identify, account for, fully refund, and provide restitution of its unlawfully-gotten gains including interest collected in excess of the legal maximum, and fruits of those gains, to plaintiff and the class. Defendant should be ordered to refund all sums paid to it, together with interest thereon and pay reasonable attorneys' fees and costs.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and others similarly situated, requests and prays that this Court enter a judgment against Northwestern Mutual as follows:

COMPLAINT FOR DAMAGES, RESTITUTION, UNJUST ENRICHMENT AND DECLARATORY AND INJUNCTIVE RELIEF
72798

(a)     Certifying this case as a class action with plaintiff as class representative and plaintiff's counsel as class counsel;

(b)     Declaring the respective rights and obligations of the parties under the interest provisions of the life insurance policies of plaintiff and those similarly situated;

(c)     Declaring the compound interest provisions of the life insurance policies of plaintiff and those similarly situated null and void;

(d)     Declaring that Northwestern Mutual may not collect, either directly or indirectly, and class members have no obligation to pay, either in cash, through accumulated cash value, applied dividends, or through death benefits, any interest accrued as of the date of judgment on policy or premium loans extended to class members;

(e)     Ordering Northwestern Mutual to restore to plaintiff and class members all amounts it has collected which may have been acquired by means of any practices found by this Court to be prohibited by law;

(f)     Permanently enjoining Northwestern Mutual from collecting or charging any interest on premium and policy loans made to plaintiff and class members;

(g)     Awarding damages in amounts to be proven at trial;

(h)     Awarding treble the amount of all interest paid or equivalent value delivered by class members to Northwestern Mutual from one year prior to filing of this complaint to the date of final judgment;

(i)     Awarding pre-judgment interest on all amounts awarded;

(j)     Awarding costs of suit and attorneys' fees as authorized by law;

(k)     Granting such other and further relief as may be deemed just and proper in the premises.

COMPLAINT FOR DAMAGES, RESTITUTION, UNJUST ENRICHMENT AND DECLARATORY AND INJUNCTIVE RELIEF
72798

Dated: July 13, 2015

BRAMSON, PLUTZIK, MAHLER &
BIRKHAEUSER, LLP

_____
Robert M. Bramson
Attorneys for Plaintiff

2125 Oak Grove Road, Suite 120
Walnut Creek, California  94598
Telephone:  (925) 945-0200
Facsimile:  (925) 945-8792

COMPLAINT FOR DAMAGES, RESTITUTION, UNJUST ENRICHMENT AND DECLARATORY AND
INJUNCTIVE RELIEF
72798

10

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF CONTRA COSTA

_____

_____

Plaintiff(s) / Cross Plaintiff(s)

vs.

_____

_____

Defendant(s) / Cross Defendant(s)

### _ADR Case Management Stipulation and Order_
### _(Unlimited Jurisdiction Civil Cases)_

CASE NO: _____

> ▶ ALL PARTIES STIPULATING TO ADR AND DELAYING THEIR CASE MANAGEMENT CONFERENCE 90 DAYS MUST **SUBMIT THE ORDER FOR THE JUDGE'S SIGNATURE AND FILE THIS FORM AT LEAST 15 DAYS BEFORE THEIR CASE MANAGEMENT CONFERENCE.** (NOT AVAILABLE IN COMPLEX LITIGATION CASES.)
>
> ▶ PARTIES MUST ALSO **SEND A COPY OF THIS FILED STIPULATION AND ORDER TO THE ADR OFFICE**: FAX: (925) 957-5689 MAIL: P.O. BOX 911, MARTINEZ, CA 94553

Counsel and all parties agree to delay their case management conference 90 days to attend ADR and complete pre-ADR discovery as follows:

1. Selection and scheduling for Alternative Dispute Resolution (ADR):
   a. The parties have agreed to ADR as follows:
      i. ❑ Mediation (❑ Court-connected ❑ Private)
      ii. ❑ Arbitration (❑ Judicial Arbitration (non-binding) ❑ Private (non-binding) ❑ Private (binding))
      iii. ❑ Neutral case evaluation
   b. The ADR neutral shall be selected by *(date):* _____ *(no more than 14 days after filing this form)*
   c. ADR shall be completed by *(date):* _____ *(no more than 90 days after filing this form)*
2. The parties will complete the following discovery plan:
   a. ❑ Written discovery: (❑ Additional page(s) attached)
      i. ❑ Interrogatories to:
      ii. ❑ Request for Production of Documents to:
      iii. ❑ Request for Admissions to:
      iv. ❑ Independent Medical Evaluation of:
      v. ❑ Other:
   b. ❑ Deposition of the following parties or witnesses: (❑ Additional page(s) attached)
      i. _____
      ii. _____
      iii. _____
   c. ❑ No Pre-ADR discovery needed
3. The parties also agree: _____
_____
4. Counsel and self-represented parties represent they are familiar with and will fully comply with all local court rules related to ADR as provided in Appendix C, will pay the fees associated with these services, and understand that if they do not, without good cause, comply with this stipulation and all relevant local court rules, they may be subject to sanctions.

| | | | |
|---|---|---|---|
| _____ | \| _____ | _____ | \| _____ |
| Counsel for Plaintiff *(print)* | Fax | Counsel for Defendant *(print)* | Fax |
| _____ | | _____ | |
| Signature | | Signature | |
| _____ | \| _____ | _____ | \| _____ |
| Counsel for Plaintiff *(print)* | Fax | Counsel for Defendant *(print)* | Fax |
| _____ | | _____ | |
| Signature | | Signature | |

> Pursuant to the Stipulation of the parties, and subject to the *Case Management Order* to be filed, **IT IS SO ORDERED** that the Case Management Conference set for _____ is vacated and rescheduled for _____ at (8:30 a.m. / _____ ) **Plaintiff / Plaintiff's counsel must notify all parties of the new case management conference.**
>
> **Dated:** _____     _____
>
> **Judge of the Superior Court**

SUPERIOR COURT - MARTINEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA  94553

SANFORD WISHNEV VS. THE NORTHWESTERN MUTUAL
                                          MSC15-01242

NOTICE OF ASSIGNMENT TO DEPARTMENT SEVENTEEN FOR CASE
MANAGEMENT DETERMINATION

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, AND A BLANK CASE MANAGEMENT STATEMENT ARE TO BE SERVED
UPON ALL OPPOSING PARTIES, ALL PARTIES SERVED WITH SUMMONS AND
COMPLAINT/CROSS-COMPLAINT.

1. This matter has been assigned to Department 17, Judge B. Goode
presiding, for all purposes; Department 17 is designated as the
complex litigation department of the Court and as such (a) hears all
cases wherein a designation of complex case has been made and (b)
conducts hearings, in cases that this court determines, on a pre-
liminary basis may be complex, to determine whether the case should
remain in the complex litigation program.

2. All counsel are required to appear in Dept. 17 on 09/25/15
   at 8:30 a.m.
       (a) If the case has been designated as complex, and no counter-
           designation has been filed, the Court will hold its first
           case management conference at that time.
       (b) If the case has been assigned to Department 17 on a
           preliminary basis the Court will hold a hearing to determine
           if the matter is, or is not, complex.  If the matter is
           determined to be complex, the Court will then proceed with
           the first case management conference.

3. Each party shall file and serve a Case Management Conference
Statement five (5) days before this hearing and be prepared to
participate effectively in the Conference, including being thoroughly
familiar with the case and able to discuss the suitability of the case
for private mediation, arbitration or the use of a special master or
referee.

4. Prior to the conference counsel for plaintiff shall meet and confer
with counsel for each other party in an effort to precisely define the
the issues in the case, discuss the possiblity of early mediation, the
identities of possible other parties, and their respective plans for
discovery.

5. Until the time of the conference the following INTERIM ORDERS shall
be in effect:

   A. Plaintiff shall diligently proceed in locating and serving each
      and every defendant.  It is the Court's intention that each party
      be served in sufficient time to have entered an appearance within
      the time allowed by law and to attend the first conference.
   B. All discovery shall be stayed excepting as all parties to the
      action might otherwise stipulate or the Court otherwise order.
   C. No party shall destroy any writing or other evidence in its
      possession or under its control which bears in any way upon the
      matters which are the subject of this litigation.
   D. Within the time for any party to file an answer or demurrer
      such party may alternatively file a notice of general appearance.
      In such event the time for filing of an answer or demurrer
      shall be extended to twenty (20) days following the first
      conference unless the Court shall, at that time, set a different
      schedule.
   E. Counsel for each party shall do a conflict check to determine
      whether such counsel might have a possible conflict of interest
      as to any present or contemplated future party.

BY ORDER OF THE COURT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Robert M. Bramson (SBN 102006) Jennifer S. Rosenberg (SBN 121023)
Bramson, Plutzik, Mahler & Birkhaeuser
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598

TELEPHONE NO.: (925) 945-0200  FAX NO.:

ATTORNEY FOR *(Name):* Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa
STREET ADDRESS: 725 Court Street
MAILING ADDRESS: P. O. Box 911
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME: Wakefield Taylor Courthouse

**FILED**

2015 JUL 14 A 11: 54

STEPHEN H. NASH
CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CA
BY: _____ DEPUTY CLERK

CASE NAME:
Sanford J. Wishnev et al. v. The Northwestern Mutual Life Insurance Co

CASE NUMBER: C 15 - 01242

| CIVIL CASE COVER SHEET | Complex Case Designation | JUDGE: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)    [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[✓] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 4
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 13, 2015

Robert M. Bramson
(TYPE OR PRINT NAME)       (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

BY FAX

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

**EXHIBIT B**

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,
a Wisconsin corporation, and DOES 1-10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SANFORD J. WISHNEV, individually and on behalf of all others
similarly situated

FILED

2015 JUL 14 A 11: 55

CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CA

BY:_____
DEPUTY CLERK

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Contra Costa County Superior Court,

CASE NUMBER: (*Número del Caso*): **C 15 - 01242**

Wakefield Taylor Courthouse, 725 Court Street, Martinez, CA 94553
(925) 646-4099

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert M. Bramson, 2125 Oak Grove Road, Suite 120, Walnut Creek, CA 94598 (925) 945-0200

| DATE: | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* JUL 1 4 2015 | *(Secretario)* | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:

3. [X] on behalf of *(specify)*: The Northwestern Mutual Life Insurance Company, a Wisconsin corporation

   under: [X] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership)     [ ] CCP 416.90 (authorized person)

       [ ] other *(specify)*:
4. [ ] by personal delivery on *(date)*:

Page 1 of 1

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP
Robert M. Bramson (Bar No. 102006)
Jennifer S. Rosenberg (Bar No. 121023)
2125 Oak Grove Road, Suite 120
Walnut Creek, California 94598
Telephone: (925) 945-0200
Facsimile: (925) 945-8792
E-Mail: rbramson@bramsonplutzik.com

Attorneys for Plaintiff

FILED

· 2015 JUL 14  A 11: 55

ELIZABETH N. NASH
CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CA
PER LOCAL ___ THIS  BY ___
CASE IS ASSIGNED TO          DEPUTY CLERK
DEPT ___

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF CONTRA COSTA

| | |
|---|---|
| SANFORD J. WISHNEV, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, a Wisconsin corporation, and DOES 1-10, inclusive<br><br>Defendants. | Case No.  C 15 - 0 1 2 4 2<br><br>**COMPLAINT FOR DAMAGES, RESTITUTION, UNJUST ENRICHMENT AND DECLARATORY AND INJUNCTIVE RELIEF**<br><br>**Class Action** |

BY FAX

---

COMPLAINT FOR DAMAGES, RESTITUTION, UNJUST ENRICHMENT AND
DECLARATORY AND INJUNCTIVE RELIEF
72798

1.     Plaintiff Sanford J. Wishnev ("plaintiff" or "Wishnev") brings this action on behalf of himself and all others similarly situated, stating claims for (1) Declaratory Relief, Code of Civil Procedure § 1060, (2) the Unfair Competition Law, Business & Professions Code § 17200 *et seq.*, (3) Initiative Measure, Stats. 1919, p. lxxxiii, §§ 2 and 3 (uncodified, but published as Civil Code §§1916–2, 1916–3), and (4) unjust enrichment and money had and received. All of these causes of action arise from defendant's pattern and practice of charging compound interest on life insurance policy and premium loans without a written agreement signed by the borrower providing for such compounding.

2.     Defendant's practice of charging compound interest without a written agreement signed by the borrower providing for such compounding constitutes an unlawful business practice, barred by state law.

## PARTIES

3.     Plaintiff Sanford J. Wishnev is an individual residing in Contra Costa County, California and at all times relevant has been a California resident.

4.     Defendant The Northwestern Mutual Life Insurance Company ("Northwestern Mutual") is a Wisconsin corporation whose principle place of business is in Milwaukee, Wisconsin. Northwestern Mutual conducts business in this state so as to make it subject to the general jurisdiction of the courts of this state. Northwestern Mutual has not designated a principal place of business in California and thus venue is proper in any county in this state.

## LEGAL PRINCIPLES

6.     Certain life insurance products, known generally as "permanent" life insurance, pay a benefit on the death of the insured and also accumulate a cash value. Examples of permanent life insurance include whole and universal life insurance.

7.     One of the characteristics of permanent life insurance sold by Northwestern Mutual is that the policyholder is permitted to borrow amounts from Northwestern Mutual, generally up to the amount of the accumulated cash value of the policy. The policyholder can (but need not) repay the loan in cash or by designating some or all of the cash value of the policy for repayment. To the

extent that the insured dies with a loan balance remaining, Northwestern Mutual reduces the amount it pays as death benefits by the loan balance. Northwestern Mutual charges interest on the loan balance on an annual basis.

8. An initiative measure adopted by the voters of California in 1919 as part of the Usury Law, Civil Code Section 1916–2 provides:

> [I]n the computation of interest upon any bond, note, or other instrument or agreement, interest shall not be compounded, nor shall the interest thereon be construed to bear interest unless an agreement to that effect is clearly expressed in writing and signed by the party to be charged therewith. Any agreement or contract of any nature in conflict with the provisions of this section shall be null and void as to any agreement or stipulation therein contained to pay interest and no action at law to recover interest in any sum shall be maintained ...."

9. Also adopted in the same initiative measure, Civil Code section 1916–3, subdivision (a) further provides "[e]very person . . . who for any loan or forbearance of money, goods or things in action shall have paid or delivered any greater sum or value than is allowed to be received under the preceding [Section 1916–2] may either in person or his or its personal representative, recover in an action at law against the person . . . who shall have taken or received the same . . . treble the amount of the money so paid or value delivered in violation of [those provisions] . . . ."

10. The Section 1916-2 prohibition on charging compound interest or interest on interest unless the party to be charged has signed an agreement clearly authorizing such compounding, has been strictly applied by the California Supreme Court. "An agreement to pay compound interest must be embodied in a writing clear on its face and signed by the borrower." *McConnell v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1983) 33 Cal.3d 816, 821, 191 Cal.Rptr. 458; 662 P.2d 916.

11. Any agreement that does not comply with Section 1916–2 is null and void with respect to the payment of interest. *Id.* at 823.

12. Life insurance policy and premium loans are not exempt from the compound interest provision of the Usury Law.

## ALLEGATIONS RELATING TO PLAINTIFF AND THE CLASS

13. Plaintiff is the holder of four life insurance policies, issued in 1967 ("Policy 1"), 1969 ("Policy 2"), 1973 ("Policy 3"), and 1976 ("Policy 4"). For each policy, plaintiff completed,

1   submitted, and signed an application.  None of these applications authorized Northwestern Mutual

2   to charge compound interest on the balances due on policy and/or premium loans or even disclosed

3   that Northwestern Mutual might do so.

4          14.     The policies subsequently issued to plaintiff state with respect to policy and premium

5   loans, "Unpaid interest shall be added to and become part of the loan and shall bear interest on the

6   same terms."  But these policies were not provided to plaintiff until the contract to provide

7   insurance was already in effect.  Nor did plaintiff sign any of the policies.  Thus, there was no

8   "agreement to that effect [] clearly expressed in writing and signed by the party to be charged

9   therewith", as required by Section 1916-2.

10         15.     On a date after 1980, Northwestern Mutual extended plaintiff a loan secured by the

11  cash value and death benefit value of Policy 1.

12         16.     On a date after 1980, Northwestern Mutual extended plaintiff a loan secured by the

13  cash value and death benefit value of Policy 2.

14         17.     On a date after 1980, Northwestern Mutual extended plaintiff a loan secured by the

15  cash value and death benefit value of Policy 3.

16         18.     On a date after 1980, Northwestern Mutual extended plaintiff a loan secured by the

17  cash value and death benefit value of Policy 4.

18         19.     Plaintiff has never signed any agreement authorizing Northwest Mutual to charge

19  him compound interest.  Nevertheless, Northwestern Mutual has added compound interest to each

20  of the loans referred to above.

21         20.     Plaintiff is informed and believes and on that basis alleges that Northwestern

22  Mutual's conduct with respect to plaintiff is representative of its conduct generally with

23  policyholders to whom it makes policy and premium loans secured by the value of whole life

24  insurance.  Plaintiff believes that, as a uniform practice, Northwestern Mutual does not obtain from

25  policyholders any agreement signed by them authorizing Northwestern Mutual to charge compound

26  interest on policy and/or premium loans.  On information and belief, Northwestern Mutual

27  nevertheless charges and collects compound interest on such loans.

28

## CLASS ALLEGATIONS

21.    This action is brought as a class action pursuant to Code of Civil Procedure section 382. The proposed class is defined as follows:

> All California persons as to whom Northwestern Mutual's records show that they have been charged compound interest by Northwestern Mutual on life insurance policy and/or premium loan balances within the last four years.

22.    On information and belief, the class numbers in the hundreds or thousands. Joinder of all class members is impracticable.

23.    There are genuine questions of law and fact common to the class, which predominate over any individual questions. These common questions, which demonstrate a community of interest among class members, include:

    a.    Whether Northwestern Mutual had a uniform practice of charging compound interest on class members' policy and premium loans;

    b.    Whether Northwestern Mutual routinely and uniformly failed to obtain written, signed agreements from borrowers, including the members of the class, permitting the compounding of interest on policy and/or premium loans;

    c.    Whether Northwestern Mutual was required to comply with the provisions of Civil Code Section 1916–2;

    d.    Whether Northwestern Mutual's conduct is an unlawful business practice under the Unfair Competition Law;

    e.    Whether Northwestern Mutual's policy provisions providing for the collection of interest on policy or premium loans are null and void due to Northwestern Mutual's charging of compound interest without having obtained borrowers' signed, written agreement regarding the compounding of interest;

    f.    Whether Northwestern Mutual has been unjustly enriched by the retention of unlawfully obtained interest payments by class members;

g.  Whether a judicial declaration should issue that class members do not owe, and Northwestern Mutual is not entitled to collect, any interest whatsoever on currently outstanding policy or premium loans extended to class members;

h.  Whether Northwestern Mutual should be enjoined from continuing to collect interest on policy or premium loans where Northwestern Mutual failed to obtain borrowers' signed, written agreement regarding the compounding of interest;

i.  Whether Northwestern Mutual should be ordered to provide restitution to the class;

j.  Whether class members who have paid compound interest within the past year are entitled to an award of treble damages under Section 1916–3 as a result of Northwestern Mutual's conduct.

24.  The claims of plaintiff are typical of the claims of the class members. Each class member was subjected to the same unfair and illegal conduct of Northwestern Mutual, was harmed in the same way and has claims for relief under the same legal theories.

25.  Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has common interests with all members of the class and will vigorously protect the interest of the class through qualified counsel experienced in handling class action and consumer protection cases. Neither the named plaintiff nor class counsel has any interests which would conflict with the interests of the class members.

26.  A class action is a superior method for the fair and efficient adjudication of this controversy. Most class members are unaware of the availability of any legal challenge to the interest they have been charged under their policies. Moreover, given the common questions to be resolved, class litigation is the superior method of resolving these legal challenges in one proceeding, thus avoiding a multiplicity of parallel suits. A class action will avoid the possibility of inconsistent adjudications of the same legal question.

## FIRST CAUSE OF ACTION
### (Declaratory Relief)

27.     Plaintiff incorporates by reference the above-enumerated paragraphs of the Complaint as though fully restated herein.

28.     An actual and justiciable controversy exists between the parties as to their respective rights and obligations under life insurance policies which class members have obtained from Northwestern Mutual. Plaintiff, on behalf of the class, contends that any provisions in the policies or related documents purporting to permit Northwestern Mutual to charge compound interest on policy and premium loans are illegal, null, void, voidable, unconscionable and/or unenforceable. Plaintiff on behalf of the class further contends that, by the act of charging compound interest, Northwestern Mutual has ceded any entitlement to collect any interest whatsoever on said loans, as clearly provided by Civil Code Section 1916–2, which as an initiative adopted by the California electorate has greater dignity than a statute passed by the California Legislature. Plaintiff is informed and believes that defendant contends to the contrary.

29.     Plaintiff seeks the following declarations regarding his obligations, and those of class members, under the Agreement:

        a.      Policy and premium loans made by Northwestern Mutual are subject to the requirements of Section 1916–2;

        b.      Northwestern Mutual may not enforce or collect, either directly or indirectly, and class members have no obligation to pay, either in cash, with applied dividends, through accumulated cash value or through death benefits, any interest accrued as of the date of judgment on policy or premium loans extended to class members.

WHEREFORE plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (Unfair Competition Law, Bus. & Prof. Code §17200 *et seq.*)

30.     Plaintiff incorporates the allegations of all the foregoing paragraphs by reference, as if fully set forth herein.

31.  Northwestern Mutual engages in the practice of charging compound interest on policy and premium loans, without first obtaining a signed, written agreement authorizing the charging of compound interest from class members.  This practice violates Civil Code Section 1916–2.  Therefore, Northwestern Mutual's practice constitutes unlawful competition under the "unlawful" prong of the Unfair Competition Law, Bus. & Prof. Code §17200 et seq.

32.  Plaintiff has suffered injury in fact and lost money or property as a result of Northwestern Mutual's acts of unfair competition.

33.  Northwestern Mutual currently engages in this unlawful practice and, on information and belief, will continue to do so unless enjoined.  As a result of these acts of unfair competition, Northwestern Mutual has obtained money or property, including but not limited to interest payments, from plaintiff and class members that it should not be permitted to retain.  Plaintiff and the class are entitled to injunctive relief, restitution, and other equitable relief.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
#### (Initiative Measure, Stats. 1919, p. lxxxiii)

34.  Plaintiff incorporates the allegations of the foregoing paragraphs by reference, as if fully set forth herein.

35.  As alleged above, Northwestern Mutual has charged plaintiff and the class compound interest without having first obtained a signed agreement to such interest from plaintiff or class members.

36.  On information and belief, Northwestern Mutual has acted willfully in violation of Initiative Measure, Stats. 1919, p. lxxxiii, published as Civil Code Sections 1916–2 and 1916–3, in charging and collecting compound interest from plaintiff and class members.

37.  Pursuant to Section 1916–2, Northwestern Mutual is prohibited from collecting or charging interest on plaintiff's and class members' policy and/or premium loans.

38.  Pursuant to Section1916–3, class members are entitled to repayment from Northwestern Mutual of treble the amount of all interest paid or charged within one year past.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### (Money Had And Received And Unjust Enrichment)

39.     Plaintiff incorporates the allegations of all the foregoing paragraphs by reference, as if fully set forth herein.

40.     Northwestern Mutual, by the actions alleged above, has collected money from plaintiff and class members that by law Northwestern Mutual is not permitted to retain, and which belongs to plaintiff and the class.

41.     Within the last two years, Northwestern Mutual has become indebted to plaintiff and class members in the amount of all excess interest paid within that period.  No part of these sums have been repaid to plaintiffs or class members.

42.     As a result of Northwestern Mutual's violations, described above, it has unjustly enriched itself at the expense of the class.  Northwestern Mutual's unjust enrichment continues to accrue as it continues to engage in its unlawful business acts and practices and collect loan payments and excess interest, as described above.

43.     Northwestern Mutual's retention of money gained through its unlawful practices is unjust considering the circumstances under which the funds were obtained.

44.     As a result of the foregoing, plaintiff and members of the class have been deprived of their money and suffered loss as alleged above.

45.     To prevent unjust enrichment, Northwestern Mutual should be required to identify, account for, fully refund, and provide restitution of its unlawfully-gotten gains including interest collected in excess of the legal maximum, and fruits of those gains, to plaintiff and the class. Defendant should be ordered to refund all sums paid to it, together with interest thereon and pay reasonable attorneys' fees and costs.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and others similarly situated, requests and prays that this Court enter a judgment against Northwestern Mutual as follows:

1    (a)    Certifying this case as a class action with plaintiff as class representative and

2    plaintiff's counsel as class counsel;

3    (b)    Declaring the respective rights and obligations of the parties under the interest

4    provisions of the life insurance policies of plaintiff and those similarly situated;

5    (c)    Declaring the compound interest provisions of the life insurance policies of plaintiff

6    and those similarly situated null and void;

7    (d)    Declaring that Northwestern Mutual may not collect, either directly or indirectly, and

8    class members have no obligation to pay, either in cash, through accumulated cash value, applied

9    dividends, or through death benefits, any interest accrued as of the date of judgment on policy or

10    premium loans extended to class members;

11    (e)    Ordering Northwestern Mutual to restore to plaintiff and class members all amounts

12    it has collected which may have been acquired by means of any practices found by this Court to be

13    prohibited by law;

14    (f)    Permanently enjoining Northwestern Mutual from collecting or charging any interest

15    on premium and policy loans made to plaintiff and class members;

16    (g)    Awarding damages in amounts to be proven at trial;

17    (h)    Awarding treble the amount of all interest paid or equivalent value delivered by class

18    members to Northwestern Mutual from one year prior to filing of this complaint to the date of final

19    judgment;

20    (i)    Awarding pre-judgment interest on all amounts awarded;

21    (j)    Awarding costs of suit and attorneys' fees as authorized by law;

22    (k)    Granting such other and further relief as may be deemed just and proper in the

23    premises.

24

25

26

27

28

Dated: July 13, 2015

1

2           BRAMSON, PLUTZIK, MAHLER &
            BIRKHAEUSER, LLP
3

4           _____
                    Robert M. Bramson
5                   Attorneys for Plaintiff

6           2125 Oak Grove Road, Suite 120
            Walnut Creek, California  94598
7           Telephone:  (925) 945-0200
            Facsimile:  (925) 945-8792
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES, RESTITUTION, UNJUST ENRICHMENT AND DECLARATORY AND
INJUNCTIVE RELIEF
72798

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* Robert M. Bramson (SBN 102006) Jennifer S. Rosenberg (SBN 121023) Bramson, Plutzik, Mahler & Birkhaeuser 2125 Oak Grove Road, Suite 120 Walnut Creek, CA 94598 TELEPHONE NO.: (925) 945-0200 FAX NO.: ATTORNEY FOR *(Name):* Plaintiff | FOR COURT USE ONLY FILED 2015 JUL 14 A II: 54 CLERK OF THE SUPERIOR COURT COUNTY OF CONTRA COSTA, CA BY: ____ DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa
STREET ADDRESS: 725 Court Street
MAILING ADDRESS: P. O. Box 911
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME: Wakefield Taylor Courthouse

CASE NAME:
Sanford J. Wishnev et al. v. The Northwestern Mutual Life Insurance Co

CASE NUMBER: C15 01242

| CIVIL CASE COVER SHEET | Complex Case Designation | |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[✓] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary b.[✓] nonmonetary; declaratory or injunctive relief c.[ ] punitive
4. Number of causes of action *(specify):* 4
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 13, 2015

Robert M. Bramson
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

BY FAX

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

## Superior Court of California, County of Contra Costa

# NOTICE TO DEFENDANTS
In Unlimited Jurisdiction Civil Actions

**YOU ARE BEING SUED.** The packet you have been served should contain:

    a.    The Summons

    b.    The Complaint

    c.    The Notice of Case Management (shows hearing date and time)

    d.    Blank: Case Management Statement (Judicial Council Form CM-110)

    e.    Blank: Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days (Local Court Form CV-655b)

    f.    Alternative Dispute Resolution (ADR) Information  (Local Court Form CV-655c)

---

 **WHAT DO I DO NOW?** 

### You must:

1. **Prepare your response**    YOU COULD LOSE YOUR CASE—even before it is heard by a judge or before you can defend yourself, if you do not prepare and file a response on time. See the other side of this page for types of responses you can prepare.

2. **Complete the *Case Management Statement*  *(CM-110)***

3. **File and serve your court papers on time**    Once your court forms are complete, you must file 1 original and 2 copies of the forms at court. An adult who is NOT involved in your case must serve one set of forms on the Plaintiff. If you were served in person you must file your response in 30 days. If the server left a copy of the papers with an adult living at your home or an adult in charge at your work or you received a copy by mail you must file your response in 40 days.

4. **Prove you served your court papers on time**    by having your server complete a *Proof of Service, (Judicial Council form POS-040)*, that must be filed at the court within 60 days.

5. **Go to court** on the date and time given in the *Notice of Case Management Conference.*

6. **Consider trying to settle your case before trial**    If you and the other party to the case can agree to use mediation, arbitration or neutral case evaluation, the *Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days* can be filed with your other papers.  For more information read the enclosed ADR information, visit www.cc-courts.org/adr, or call (925) 957-5787.

**IMPORTANT! The court recommends consulting an attorney for all or part of your case. While you may represent yourself, lawsuits can be complicated, and the court cannot give you legal advice.**

---

**COURT FEES:** You must pay court fees the first time you file your papers.  If you also file a motion, you must pay another fee.  If you cannot afford the fees, you may ask the court to waive (allow you not to pay) fees. Use Judicial Council forms FW-001-INFO [information sheet]; FW-001 [application]; and FW-003 [order].

**COURT FORMS:** Buy forms at the Forms Window in the Family Law Building or download them for free at: www.courtinfo.ca.gov/forms/

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF CONTRA COSTA

_____
_____
Plaintiff(s) / Cross Plaintiff(s)

vs.

**ADR Case Management Stipulation and Order**
_(Unlimited Jurisdiction Civil Cases)_

_____
Defendant(s) / Cross Defendant(s)

CASE NO: _____

---

► ALL PARTIES STIPULATING TO ADR AND DELAYING THEIR CASE MANAGEMENT CONFERENCE 90 DAYS MUST **SUBMIT THE ORDER FOR THE JUDGE'S SIGNATURE AND FILE THIS FORM AT LEAST 15 DAYS BEFORE THEIR CASE MANAGEMENT CONFERENCE.** (NOT AVAILABLE IN COMPLEX LITIGATION CASES.)

► PARTIES MUST ALSO SEND A COPY OF THIS FILED STIPULATION AND ORDER TO THE ADR OFFICE: FAX: (925) 957-5689 MAIL: P.O. BOX 911, MARTINEZ, CA 94553

---

**Counsel and all parties agree to delay their case management conference 90 days to attend ADR and complete pre-ADR discovery as follows:**

1. Selection and scheduling for Alternative Dispute Resolution (ADR):
   a. The parties have agreed to ADR as follows:
      i. ❑ Mediation  (❑ Court-connected ❑ Private)
      ii. ❑ Arbitration  (❑ Judicial Arbitration (non-binding)  ❑ Private (non-binding)  ❑ Private (binding))
      iii. ❑ Neutral case evaluation
   b. The ADR neutral shall be selected by _(date):_ _____ _(no more than 14 days after filing this form)_
   c. ADR shall be completed by _(date):_ _____ _(no more than 90 days after filing this form)_
2. The parties will complete the following discovery plan:
   a. ❑ Written discovery:  (❑ Additional page(s) attached)
      i. ❑ Interrogatories to:
      ii. ❑ Request for Production of Documents to:
      iii. ❑ Request for Admissions to:
      iv. ❑ Independent Medical Evaluation of:
      v. ❑ Other:
   b. ❑ Deposition of the following parties or witnesses: (❑ Additional page(s) attached)
      i. _____
      ii. _____
      iii. _____
   c. ❑ No Pre-ADR discovery needed
3. The parties also agree: _____

4. Counsel and self-represented parties represent they are familiar with and will fully comply with all local court rules related to ADR as provided in Appendix C, will pay the fees associated with these services, and understand that if they do not, without good cause, comply with this stipulation and all relevant local court rules, they may be subject to sanctions.

| Counsel for Plaintiff _(print)_ | Fax | Counsel for Defendant _(print)_ | Fax |
|---|---|---|---|
| Signature | | Signature | |
| Counsel for Plaintiff _(print)_ | Fax | Counsel for Defendant _(print)_ | Fax |
| Signature | | Signature | |

---

Pursuant to the Stipulation of the parties, and subject to the _Case Management Order_ to be filed, **IT IS SO ORDERED** that the Case Management Conference set for _____ is vacated and rescheduled for _____ at (8:30 a.m. / _____ ) **Plaintiff / Plaintiff's counsel must notify all parties of the new case management conference.**

Dated: _____

_____
**Judge of the Superior Court**

---

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: FAX NO. *(Optional)*: <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):* ☐ **UNLIMITED CASE** ☐ **LIMITED CASE** <br> (Amount demanded (Amount demanded is $25,000 <br> exceeds $25,000) or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: Time: Dept.: Div.: Room:

Address of court *(if different from the address above)*:

☐ Notice of Intent to Appear by Telephone, by *(name)*:

---

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐ have had a default entered against them *(specify names)*:

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(Describe, including causes of action)*:

Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court, <br> rules 3.720–3.730 <br> www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled <br> ☐ Mediation session scheduled for *(date):* <br> ☐ Agreed to complete mediation by *(date):* <br> ☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled <br> ☐ Settlement conference scheduled for *(date):* <br> ☐ Agreed to complete settlement conference by *(date):* <br> ☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled <br> ☐ Neutral evaluation scheduled for *(date):* <br> ☐ Agreed to complete neutral evaluation by *(date):* <br> ☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled <br> ☐ Judicial arbitration scheduled for *(date):* <br> ☐ Agreed to complete judicial arbitration by *(date):* <br> ☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled <br> ☐ Private arbitration scheduled for *(date):* <br> ☐ Agreed to complete private arbitration by *(date):* <br> ☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled <br> ☐ ADR session scheduled for *(date):* <br> ☐ Agreed to complete ADR session by *(date):* <br> ☐ ADR completed on *(date):* |

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20.** Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

_____
(TYPE OR PRINT NAME)

▷ _____
(SIGNATURE OF PARTY OR ATTORNEY)

▷ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.



## CONTRA COSTA COUNTY SUPERIOR COURT
### ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

All judges in the Civil Trial Delay Reduction Program agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases. To tell the court you will use ADR:

- Choose ADR on the *Case Management Form (*CM-110);
- File a *Stipulation and Order to Attend ADR and Continue First Case Management Conference 90-Days* (local court form); or
- Agree to ADR at your first court appearance.

*Questions? Call (925) 957-5787, or go to www.cc-courts.org/adr*

### MEDIATION

Mediation is often faster and less expensive than going to trial. Mediators help people who have a dispute talk about ways they can settle their case. Parties call or visit the ADR Programs office to get a list of mediators. After parties have agreed on a mediator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the mediator at least 5 court days before mediation starts.

ALL parties and attorneys must go to mediation. Mediation can be held whenever and wherever the parties and the mediator want, as long as they finish before the court deadline. In some kinds of court cases, parties have the chance to mediate in the courthouse on their trial day.

Most mediators begin by talking with the parties together, helping them focus on the important issues. The mediator may also meet with each party alone. Mediators often ask parties for their ideas about how to settle the case. Some mediators tell the parties how much money they think a case is worth, or tell them what they think might happen if the case went to trial. Other mediators help the parties decide these things for themselves. No matter what approach a mediator takes, decisions about settling a case can only be made when all the parties agree.

If the parties go through the court ADR program, mediators do not charge fees for the first half hour spent scheduling or preparing for mediation. They also do not charge fees for the first two hours of mediation. If parties need more time, they must pay that person's regular fees. Some mediators ask for a deposit before mediation starts. Mediators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the mediation. A party whose court fees have been waived (cancelled) may ask if their mediation fees or deposit can be waived.

If parties agree about how they will settle their case, they can choose to keep it private, write it up as a contract, or ask the judge to make it a court order. What parties say and agree to in mediation is confidential (private).

### PRIVATE MEDIATION

Private mediation works in the same way as judicial mediation, but the parties do not go through the ADR Programs office. Parties choose a mediator on their own, and pay the mediator's normal fees.

## TEMPORARY JUDGE

Some parties want a trial, but want to choose who will decide the case and when the trial will take place. Parties can agree on an attorney that they want the court to appoint as a temporary judge for their case. (See Article 6, Section 21 of the State Constitution and Rule 2.830 of the California Rules of Court.) Temporary judges have nearly the same authority as a superior court judge to conduct a trial and make decisions. As long as the parties meet the court deadline, they can schedule the trial at their own and the temporary judge's convenience.

Each of the temporary judges on the court's panel has agreed to serve at no charge for up to 5 court days. If the parties need more time, they must pay that person's regular fees. All parties and their lawyers must attend the trial, and provide a copy of all briefs or other court documents to the temporary judge at least two weeks before the trial. These trials are similar to other civil trials, but are usually held outside the court. The temporary judge's decision can be appealed to the superior court. There is no option for a jury trial. The parties must provide their own court reporter.

## SPECIAL MASTER

A special master is a private lawyer, retired judge, or other expert appointed by the court to help make day-to-day decisions in a court case. The special master's role can vary, but often includes making decisions that help the discovery (information exchange) process go more smoothly. He or she can make decisions about the facts in the case. Special masters can be especially helpful in complex cases. The trial judge defines what the special master can and cannot do in a court order.

Special masters often issue both interim recommendations and a final report to the parties and the court. If a party objects to what the special master decides or reports to the court, that party can ask the judge to review the matter. In general, the parties choose (by stipulation) whom they want the court to appoint as the special master, but there are times (see California Code of Civil Procedure Section 639), when the court may appoint a special master or referee without the parties' agreement. The parties are responsible to pay the special master's regular fees.

## COMMUNITY MEDIATION SERVICES

Mediation Services are available through non-profit community organizations. These low-cost services are provided by trained volunteer mediators. For more information about these programs contact the ADR Program at (925) 957-5787

SUPERIOR COURT - MAR̄Ṯ̄INEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA 94553

SANFORD WISHNEV VS. THE NORTHWESTERN MUTUAL
MSC15-01242

NOTICE OF ASSIGNMENT TO DEPARTMENT SEVENTEEN FOR CASE
MANAGEMENT DETERMINATION

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, AND A BLANK CASE MANAGEMENT STATEMENT ARE TO BE SERVED
UPON ALL OPPOSING PARTIES, ALL PARTIES SERVED WITH SUMMONS AND
COMPLAINT/CROSS-COMPLAINT.

1. This matter has been assigned to Department 17, Judge B. Goode
presiding, for all purposes; Department 17 is designated as the
complex litigation department of the Court and as such (a) hears all
cases wherein a designation of complex case has been made and (b)
conducts hearings, in cases that this court determines, on a pre-
liminary basis may be complex, to determine whether the case should
remain in the complex litigation program.

2. All counsel are required to appear in Dept. 17 on 09/25/15
   at 8:30 a.m.
   (a) If the case has been designated as complex, and no counter-
       designation has been filed, the Court will hold its first
       case management conference at that time.
   (b) If the case has been assigned to Department 17 on a
       preliminary basis the Court will hold a hearing to determine
       if the matter is, or is not, complex. If the matter is
       determined to be complex, the Court will then proceed with
       the first case management conference.

3. Each party shall file and serve a Case Management Conference
Statement five (5) days before this hearing and be prepared to
participate effectively in the Conference, including being thoroughly
familiar with the case and able to discuss the suitability of the case
for private mediation, arbitration or the use of a special master or
referee.

4. Prior to the conference counsel for plaintiff shall meet and confer
with counsel for each other party in an effort to precisely define the
the issues in the case, discuss the possibility of early mediation, the
identities of possible other parties, and their respective plans for
discovery.

5. Until the time of the conference the following INTERIM ORDERS shall
be in effect:

   A. Plaintiff shall diligently proceed in locating and serving each
      and every defendant. It is the Court's intention that each party
      be served in sufficient time to have entered an appearance within
      the time allowed by law and to attend the first conference.
   B. All discovery shall be stayed excepting as all parties to the
      action might otherwise stipulate or the Court otherwise order.
   C. No party shall destroy any writing or other evidence in its
      possession or under its control which bears in any way upon the
      matters which are the subject of this litigation.
   D. Within the time for any party to file an answer or demurrer
      such party may alternatively file a notice of general appearance.
      In such event the time for filing of an answer or demurrer
      shall be extended to twenty (20) days following the first
      conference unless the Court shall, at that time, set a different
      schedule.
   E. Counsel for each party shall do a conflict check to determine
      whether such counsel might have a possible conflict of interest
      as to any present or contemplated future party.

BY ORDER OF THE COURT

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF CONTRA COSTA

_____

_____
Plaintiff(s) / Cross Plaintiff(s)

vs.

_____

_____
Defendant(s) / Cross Defendant(s)

### _ADR Case Management Stipulation and Order_
_(Unlimited Jurisdiction Civil Cases)_

**CASE NO:** _____

---

➤ ALL PARTIES STIPULATING TO ADR AND DELAYING THEIR CASE MANAGEMENT CONFERENCE 90 DAYS MUST **SUBMIT THE ORDER FOR THE JUDGE'S SIGNATURE AND FILE THIS FORM AT LEAST 15 DAYS BEFORE THEIR CASE MANAGEMENT CONFERENCE.** (NOT AVAILABLE IN COMPLEX LITIGATION CASES.)

➤ PARTIES MUST ALSO **SEND A COPY OF THIS FILED STIPULATION AND ORDER TO THE ADR OFFICE:** FAX: (925) 957-5689 MAIL: P.O. BOX 911, MARTINEZ, CA 94553

---

**Counsel and all parties agree to delay their case management conference 90 days to attend ADR and complete pre-ADR discovery as follows:**

1. Selection and scheduling for Alternative Dispute Resolution (ADR):
   a. The parties have agreed to ADR as follows:
      i. ❑ Mediation  (❑ Court-connected ❑ Private)
      ii. ❑ Arbitration  (❑ Judicial Arbitration (non-binding)  ❑ Private (non-binding)  ❑ Private (binding))
      iii. ❑ Neutral case evaluation
   b. The ADR neutral shall be selected by *(date):* _____ *(no more than 14 days after filing this form)*
   c. ADR shall be completed by *(date):* _____ *(no more than 90 days after filing this form)*
2. The parties will complete the following discovery plan:
   a. ❑ Written discovery:  (❑ Additional page(s) attached)
      i. ❑ Interrogatories to:
      ii. ❑ Request for Production of Documents to:
      iii. ❑ Request for Admissions to:
      iv. ❑ Independent Medical Evaluation of:
      v. ❑ Other:
   b. ❑ Deposition of the following parties or witnesses: (❑ Additional page(s) attached)
      i. _____
      ii. _____
      iii. _____
   c. ❑ No Pre-ADR discovery needed
3. The parties also agree: _____

---

4. Counsel and self-represented parties represent they are familiar with and will fully comply with all local court rules related to ADR as provided in Appendix C, will pay the fees associated with these services, and understand that if they do not, without good cause, comply with this stipulation and all relevant local court rules, they may be subject to sanctions.

| | |
|---|---|
| _____ \| _____ | _____ \| _____ |
| Counsel for Plaintiff *(print)*      Fax | Counsel for Defendant *(print)*      Fax |
| _____ | _____ |
| Signature | Signature |
| _____ \| _____ | _____ \| _____ |
| Counsel for Plaintiff *(print)*      Fax | Counsel for Defendant *(print)*      Fax |
| _____ | _____ |
| Signature | Signature |

---

Pursuant to the Stipulation of the parties, and subject to the *Case Management Order* to be filed, **IT IS SO ORDERED** that the Case Management Conference set for _____ is vacated and rescheduled for _____ at (8:30 a.m. / _____ ) **Plaintiff / Plaintiff's counsel must notify all parties of the new case management conference.**

Dated: _____          _____

**Judge of the Superior Court**

---

SUPERIOR COURT - MAI INEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA 94553

SANFORD WISHNEV VS. THE NORTHWESTERN MUTUAL
                                        MSC15-01242

NOTICE OF ASSIGNMENT TO DEPARTMENT SEVENTEEN FOR CASE
MANAGEMENT DETERMINATION

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, AND A BLANK CASE MANAGEMENT STATEMENT ARE TO BE SERVED
UPON ALL OPPOSING PARTIES, ALL PARTIES SERVED WITH SUMMONS AND
COMPLAINT/CROSS-COMPLAINT.

1. This matter has been assigned to Department 17, Judge B. Goode
presiding, for all purposes; Department 17 is designated as the
complex litigation department of the court and as such (a) hears all
cases wherein a designation of complex case has been made and (b)
conducts hearings, in cases that this court determines, on a pre-
liminary basis may be complex, to determine whether the case should
remain in the complex litigation program.

2. All counsel are required to appear in Dept. 17 on 09/25/15
   at 8:30 a.m.
      (a) If the case has been designated as complex, and no counter-
          designation has been filed, the court will hold its first
          case management conference at that time.
      (b) If the case has been assigned to Department 17 on a
          preliminary basis the court will hold a hearing to determine
          if the matter is, or is not, complex. If the matter is
          determined to be complex, the court will then proceed with
          the first case management conference.

3. Each party shall file and serve a Case Management Conference
Statement five (5) days before this hearing and be prepared to
participate effectively in the conference, including being thoroughly
familiar with the case and able to discuss the suitability of the case
for private mediation, arbitration or the use of a special master or
referee.

4. Prior to the conference counsel for plaintiff shall meet and confer
with counsel for each other party in an effort to precisely define the
the issues in the case, discuss the possiblity of early mediation, the
identities of possible other parties, and their respective plans for
discovery.

5. Until the time of the conference the following INTERIM ORDERS shall
be in effect:

   A. Plaintiff shall diligently proceed in locating and serving each
      and every defendant. It is the court's intention that each party
      be served in sufficient time to have entered an appearance within
      the time allowed by law and to attend the first conference.
   B. All discovery shall be stayed excepting as all parties to the
      action might otherwise stipulate or the court otherwise order.
   C. No party shall destroy any writing or other evidence in its
      possession or under its control which bears in any way upon the
      matters which are the subject of this litigation.
   D. Within the time for any party to file an answer or demurrer
      such party may alternatively file a notice of general appearance.
      In such event the time for filing of an answer or demurrer
      shall be extended to twenty (20) days following the first
      conference unless the court shall, at that time, set a different
      schedule.
   E. Counsel for each party shall do a conflict check to determine
      whether such counsel might have a possible conflict of interest
      as to any present or contemplated future party.

                                        BY ORDER OF THE COURT