United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SANFORD J WISHNEV,

Plaintiff,

v.

THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,

Defendant.

Case No. 15-cv-03797-EMC

**ORDER GRANTING DEFENDANT'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL AND FOR STAY IN PART PENDING APPEAL**

Docket No. 36

Defendant's motion for certification of interlocutory appeal came for hearing before the Court on March 25, 2015. Docket No. 35. On February 19, 2016, the Court held that Article XV of the California Constitution did not repeal the California Civil Code section 1916-2's requirement for the lender to obtain a signed agreement from the borrower in order to charge compound interest. Docket No. 35 at 19. Defendant asks the Court to certify the issue as to whether incorporated admitted insurers are exempt from the compound interest provision of Cal. Civ. Code § 1916-2. For the following reasons and for the reasons stated on the record at the hearing, the Court **GRANTS** Defendant's motion for certification of interlocutory appeal and for stay in part.

Generally, the United States Courts of Appeals have jurisdiction over appeals from "final decisions of the district courts." *See* 28 U.S.C. § 1291. However, this Court may grant certification of an order for interlocutory appeal where the order (1) "involves a controlling question of law" (2) "as to which there is a substantial ground for difference of opinion" and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b); *see also In re Cement Antitrust*, 673 F.2d 1020, 1025-26 (9th Cir. 1982) (en banc). Section 1292(b) certifications should be "applied sparingly and only in

exceptional cases." *United States v. Woodbury*, 263 F.2d 784, 788 n.11 (9th Cir.1959).

Here, all three requirements for certifying an interlocutory appeal are satisfied. "[A]ll that must be shown in order for a question [of law] to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *Astiana v. Dreyer's Grand Ice Cream, Inc.*, No. C-11-2910 EMC, 2012 WL 4892391, at *1 (N.D. Cal. Oct. 12, 2012) (quoting *In re Cement Antitrust*, 673 F.2d at 1026). The first and third 1292(b) factors are satisfied – an interlocutory appeal would be on a "controlling question of law" that will "materially advance the ultimate termination of the litigation." *See Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (holding that an interlocutory appeal is appropriate where a reversal will remove the entire claim from the litigation); *see also In re Cement Antitrust*, 673 F.2d at 1025-26 (suggesting that a question of law is "controlling" where, as here, the order under review would constitute "reversible error on final appeal"). This Court's determination that California Civil Code § 1916-2 applies to Northwestern Mutual represents a pure question of law that, if reversed, would be outcome determinative of Plaintiff's § 1916-2 claim. The second 1292(b) factor ("substantial ground for difference of opinion") is also met. While the Ninth Circuit has not addressed the question, there is a split of authority within this Court on the pure legal question Defendant seeks to appeal, and the question is one of first impression in the Ninth Circuit. See *Washburn v. Prudential Ins. Co. of Am.*, No. 15-CV-04009-SI, 2015 WL 7454039, at *5 (N.D. Cal. Nov. 24, 2015) (finding that admitted incorporated insurers are exempt from the restrictions on the charging of compound interest of California Civil Code § 1916-2).

The Court also concludes that proceedings in this case should be stayed in part until the Ninth Circuit decides whether or not to hear this appeal. A district court may stay a case pending interlocutory appeal. 28 U.S.C. § 1292(b). "A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). *See Rollins v. Dignity Health*, No. 13-CV-01450-TEH, 2014 WL 6693891, at *5 (N.D. Cal. Nov. 26, 2014). Pending the Ninth Circuit's action on this Court's certification of the interlocutory

United States District Court
For the Northern District of California

appeal, the parties shall complete initial disclosures and comply with the document request that has already been promulgated, but shall otherwise take no other action until further order of this Court.

A Case Management Conference shall be scheduled for 10:30 a.m., June 2, 2016.

This order disposes of Docket No. 36.

**IT IS SO ORDERED**.

Dated: March 28, 2016

EDWARD M. CHEN
United States District Judge